UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Board of Trustees of the Plumbers,
Pipefitters & Mechanical Equipment
Service, Local Union No. 392 Pension
Fund, et al,

        Plaintiffs,

   v.

J & H Mechanical Contractors, Inc., et al,

        Defendants.

Case No.: 1:10-cv-410

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court on two motions to dismiss: (1) Defendant J & H Mechanical Contractors, Inc. and Diehard Site Utilities, LLC Motion to Dismiss the Amended Complaint (Doc. 18)[1]; and (2) Defendant Federated Mutual Insurance Company's Motion to Dismiss the Amended Complaint (Doc. 19). Plaintiffs Board of Trustees of the Plumbers, Pipefitters & Mechanical Equipment Service, Local Union No. 392 Pension Fund, et al, (referred to collectively as "the Union") have filed a response in opposition to both motions to dismiss (Doc. 20). Defendant J & H Mechanical Contractors, Inc. ("J & H") and Defendant Diehard Site Utilities, LLC ("Diehard") have filed a joint reply in support (Doc. 21), and Defendant Federated Mutual Insurance Company ("Federated") has filed a reply in support as well (Doc. 22). This matter is ripe for review.

Plaintiffs' First Amended Complaint ("Complaint") (Doc. 5) alleges one claim for

---

[1] All Court document citations are to Docket Entry numbers.

1

breach of contract and requests a declaratory judgment of alter-ego liability against Defendants J & H and Diehard.  (Doc. 5 ¶¶ 10–37.)  Plaintiffs seek an award of unpaid contributions, liquidated damages, audit fees, and attorneys' fees and costs against Defendants J & H and Diehard.  (Doc. 5, 8–9.)  Plaintiffs request an enforcement of bond against Defendant Federated.  (Doc. 5 ¶¶ 38–44.)  They seek monetary judgment against Defendant Federated as well.  (Doc. 5, 10.)  The Court summarizes its rulings below.

**I.     Background**

The relevant facts here are simple.  Plaintiffs seek to collect unpaid fringe-benefit contributions owed by Defendants to the Union and to certain Union trust funds.  Plaintiffs allege that Defendant J & H, who is a signatory to the relevant Collective Bargaining Agreement ("CBA"), illegitimately avoided its duty to pay certain contributions owed under the CBA by operating a non-union company, Defendant Diehard, as an alter ego.  In other words, J & H allegedly used its alter ego, Diehard, to avoid paying contributions owed by J & H under the CBA.  Defendant Federated, as a surety, issued a bond agreeing to pay the Union $5,000 if the obligee, J & H, failed to comply with its obligations to make certain benefit contributions to the Union.  Plaintiffs seek to enforce the bond against Federated, and to collect the alleged amounts owing under the CBA from J & H and its alter ego, Diehard.

**II.    Legal Analysis**

Defendants move to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  They argue for dismissal based on a lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted.  (Doc. 18,

1–2; Doc. 19, 1–2.) Note that Defendant Federated adopts and incorporates by reference the entirety of Defendants J & H and Diehard's motion to dismiss and reply in support. (Doc. 19, 2; Doc. 22, 1.) Accordingly, the Court only cites to Defendants J & H and Diehard's filings, and it refers to Defendants collectively.

### A. 12(b)(1) Standard

Rule 12(b)(1) provides that an action may be dismissed for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Plaintiffs bears the burden of proving jurisdiction when challenged by a Rule 12(b)(1) motion. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citing *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)). "[T]he plaintiff must show that the complaint alleges a claim under federal law, and that the claim is substantial." *Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (internal quotations omitted) (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996)). "The plaintiff will survive the motion to dismiss by showing 'any arguable basis in law' for the claims set forth in the complaint." *Id.* (quoting *Musson Theatrical*, 89 F.3d at 1248).

The Sixth Circuit recognizes that Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction fall into two categories: factual attacks and facial attacks. *O'Bryan v. Holy See*, 556 F.3d 361, 375 (6th Cir. 2009) (citing *Gentek Bldg. Prods. v. Sherwin-Williams Claims*, 491 F.3d 320, 330 (6th Cir. 2007)). A factual attack on subject-matter jurisdiction is "not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). In such a factual attack, the

court must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist," and there is no presumption of truthfulness to the allegations in a complaint. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

A facial attack only questions the sufficiency of the pleading. *O'Bryan*, 556 F.3d at 375–76. In reviewing a facial attack, the court takes the allegations in the complaint as true—a similar safeguard employed under Rule 12(b)(6) motions to dismiss. *Id.* at 376; *Ohio Nat'l Life Ins. Co.*, 922 F.3d at 325. Here, Defendants bring a facial attack; they question the sufficiency of the pleading. (Doc. 11-1, 7.) Thus, this Court "takes the allegations in the complaint as true." *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325.

### B. 12(b)(6) Standard

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss, this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (*quoting Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).

"[T]o survive a motion to dismiss, a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, *passim* (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

4

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*citing Twombly*, 550 U.S. at 556). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (*quoting Twombly*, 550 U.S. at 556).

While the Court must accept all well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (*quoting Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The complaint need not contain detailed factual allegations, yet it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (*citing Twombly*, 550 U.S. at 555). A pleading that offers labels and conclusions or merely a formulaic recitation of legal elements will not do. *Id.* Nor does a complaint suffice if it tenders naked assertions devoid of factual enhancement. *Id.* While a plaintiff need not plead specific facts, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations omitted) (*quoting Twombly*, 550 U.S. at 555).

A court may consider the following when ruling on a motion to dismiss: (1) any documents attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion to dismiss that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice. *Smith v. Bd. of Trs. Lakeland Cmty. Coll.*, 746 F. Supp. 2d 877, 889 (N.D. Ohio 2010) (citing *Whittiker v. Deutsche Bank Nat'l Trust Co.*, 605 F. Supp. 2d 914, 924–25 (N.D. Ohio 2009)); *see*

*also Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes.")

### C. Sufficiency of the Pleadings

Defendants' only argument is that the CBA attached to Plaintiffs Complaint fails to substantiate the existence of a signed CBA between Plaintiffs and J & H. (Doc. 18, 6.) As Defendants state, "[Plaintiffs'] allegations fail because the exhibits upon which the Union's claims are premised do not show that either party is bound by the 2006-2009 CBA." (Doc. 18, 6.) Defendants maintain that because of this flaw, neither of the Union's alleged bases of subject-matter jurisdiction apply because J & H is a non-signatory to the CBA,[2] and as a non-signatory, the CBA cannot be enforced against J & H. (Doc. 18, 6–7, 10). Defendants insist that "there is no documentation attached anywhere to the Complaint showing that J & H Mechanical was a signatory to the 2006-2009 CBA." (Doc. 18, 9.) This argument is not well taken.

The Complaint alleges that J & H "agreed to be bound by the provisions of the Collective Bargaining Agreement negotiated between the Union and the Mechanical Contracts Association for all times relevant to this action." (Doc. 1 ¶ 11.) Given Defendants facial attack on subject-matter jurisdiction, (Doc. 18, 5); *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325, and given that this Court must accept the Complaint's allegations as true, *Bassett*, 528 F.3d at 430, Plaintiffs have sufficiently alleged both subject-matter jurisdiction and claims upon which relief can be granted. Defendants' protestations that the exhibits do not properly show J & H to be a signatory to the 2006-2009 CBA are

---

[2] Plaintiffs allege subject-matter jurisdiction is proper under Section 502 of the Employee Retirement Income Security Act and under Section 301 of the Labor-Management Relations Act (29 U.S.C. §§ 1132 & 185). (Doc. 5 ¶ 1.)

incorrect. Defendants' assertion that the exhibits attached to Plaintiffs' Complaint "contradict the Union's own allegations," (Doc. 21, 2) is simply false. The attached exhibits are entirely consistent with all of Plaintiffs' allegations. In short, Plaintiffs' allegation that J & H "agreed to be bound by the provisions of the Collective Bargaining Agreement between the Union and the Mechanical Contractors Association for all times relevant to this action," sufficiently alleges the existence of a contract between Plaintiffs and J & H and the attached exhibits do nothing to contradict this. Accordingly, Defendants' motions to dismiss are DENIED.

### III. Conclusion

Based on the foregoing, Defendant J & H Mechanical Contractors, Inc. and Diehard Site Utilities, LLC's Motion to Dismiss the Amended Complaint (Doc. 18), and Defendant Federated Mutual Insurance Company's Motion to Dismiss the Amended Complaint (Doc. 19) are both **DENIED**.

**IT IS SO ORDERED**.

*s/Michael R. Barrett*
United States District Judge